No. 78,641

In the Matter of GERALD N. CAPPS, JR., *Respondent.*
(942 P.2d 588)

Opinion filed July 11, 1997.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Calvin L. Wiebe,* of Wichita, argued the cause for respondent, and *Gerald N. Capps., Jr.,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Gerald N. Capps, Jr., of Wichita, an attorney admitted to the practice of law in the State of Kansas. The complaint filed in case No. A6304 was heard before a panel of the Kansas Board of Discipline of Attorneys. The essential facts, as determined by the panel, and the panel's recommended discipline are not in dispute. Capps did not file exceptions to the hearing panel report, in which the panel by clear and convincing evidence unanimously found:

"2. In 1994, Morrison Enterprises of Salina, Kansas, hired Respondent's firm, Morris, Laing, Evans, Brock and Kennedy, to file suit against McShares, Inc. based on the Comprehensive Environmental Regulatory Act of 1980 (CERCLA). After an August, 1994, scheduling conference for the lawsuit, the Court set certain deadlines by written order. Respondent missed the court scheduled deadline of October 3, 1994, for disclosing plaintiff's expert witness. This prompted McShares, Inc. to file a motion to exclude expert witnesses. Respondent filed for an extension of time to disclose plaintiff's expert witness, but the Court denied Respondent's motion and granted McShares, Inc.'s motion to exclude. Later, the court also denied a motion for reconsideration Respondent had filed. Missing these deadlines left plaintiff Morrison Enterprises without evidence in its CERCLA case.

"3. In March 1995, McShares, Inc. sent interrogatories and request for admission to Respondent, but Respondent failed to respond to these discovery requests by the scheduled response dates. On March 31, 1995, defendant McShares, Inc. filed a Motion for Summary Judgment. Respondent failed to respond to this motion, as required, within twenty days. In May, 1995, Respondent filed a Motion to File a Response Out of Time. The motions were heard in May, 1995. By order filed June 12, 1995, the Court denied Respondent's Motion to File Out of Time and reaffirmed its decision that plaintiff (Morrison Enterprises) could not use expert witnesses to prove its case.

"4. Although the court rulings had serious adverse impact on plaintiff's case, Respondent never communicated with Roger Morrison of Morrison Enterprises about the status of the case during the time period the motions were filed and the court was ruling against plaintiff.

"5. By letter to the Disciplinary Administrator dated June 22, 1995, Respondent described the foregoing facts and admitted that he failed to competently represent Morrison Enterprises, and further that he failed to keep said client reasonably informed.

## "CONCLUSIONS OF LAW

"Respondent's conduct violates the Model Rules of Professional Conduct Sections 1.1 [1996 Kan. Ct. R. Annot. 257], 1.3 [1996 Kan. Ct. R. Annot. 264], and 1.4 [1996 Kan. Ct. R. Annot. 270]. The Panel finds from clear and convincing evidence that Respondent failed to competently represent his client with diligence and promptness thereby violating MRPC 1.1 and 1.3 when he missed established filing and response deadlines putting his client in the position of being unable to prove its case. He also violated MRPC 1.4 by failing, at any time from August 1994 to June 1995, to inform Roger Morrison (his contact with plaintiff company) about the motions, the rulings on the motions and the drastic adverse impact they had on plaintiff's case.

## "RECOMMENDED DISPOSITION

"The Disciplinary Administrator has requested the Panel find

that Respondent violated MRPC 1.1, 1.3, and 1.4, and recommend to the Supreme Court that Respondent be disciplined pursuant to Rule 211(f) [1996 Kan. Ct. R. Annot. 215].

"In making its recommendations for discipline, the Panel has reviewed the ABA Standards for Imposing Lawyer Sanctions. The factors to be considered include the following: 1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system or to the profession; 2) whether the lawyer acted intentionally, knowingly or negligently; 3) the amount of the actual or potential injury caused by the lawyer's misconduct; and 4) the existence of aggravating or mitigating factors.

"The evidence shows that Respondent violated a duty to his client, Morrison Enterprises, by failing to meet the court established deadlines for the procedural filings in the case and further by not informing his client of the status of the case and, specifically, the missed deadlines and rulings against plaintiff.

"The Panel reviewed the ABA Standards on Aggravation and Mitigation to determine whether any factors present either increase or reduce the nature and extent of discipline to be imposed.

"1. Aggravating factors.

a. Prior disciplinary offenses. This is not a factor.

b. Dishonest or selfish motive. This is not a factor.

c. Pattern of misconduct. This is not a factor.

d. Multiple offenses. This is not a factor.

e. Bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency. This is not a factor.

f. Submission of false evidence, false statements, or other deceptive practices during disciplinary process. This is not a factor.

g. Refusal to acknowledge wrongful nature of conduct. This is not a factor.

h. Vulnerability of the victim. The Panel does not find the client to be more or less vulnerable than is any other lawyer's client.

i. Substantial experience in the practice of law. Having been admitted to practice in 1988 and being a shareholder in a leading Wichita law firm, Respondent had substantial experience in litigation responsibilities.

j. Indifference to making restitution. This is not a factor.

k. Illegal conduct, including that involving the use of controlled substances. This is not a factor.

2. Mitigating factors.

a. Absence of a prior disciplinary record. Respondent has no prior disciplinary record.

b. Absence of a dishonest or selfish motive. There is no evidence of dishonest or selfish motive.

c. Personal or emotional problems if such misfortunes have contributed to violation of the code of professional responsibility. These are not factors in this case.

d. Timely good faith effort to make restitution or to rectify consequences of misconduct. Respondent has provided funds in excess of $20,000.00 to his former law firm to cover liability to the client.

e. The present and past attitude of the attorney as shown by his cooperation during the hearing and his full and free acknowledgement of the transgressions. Respondent self-reported the violations and cooperated fully in the disciplinary process.

f. Inexperience in the practice of law. This is not a factor.

g. Previous good character and reputation. The Respondent has been a good person of good character and reputation.

h. Physical disability. While there is evidence that Respondent suffered depression, such is not considered a mitigating factor in this case.

i. Mental disability or chemical dependency including alcoholism or drug abuse when (1) there is medical evidence that the respondent is affected by a chemical dependence or mental disability; (2) the chemical dependence or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely. This is not a factor in this case.

j. Delay in disciplinary proceedings. This is not a factor.

k. Imposition of other penalties or sanctions. This is not a factor.

l. Remorse. Respondent had demonstrated remorse.

m. Remoteness of prior offenses. This is not a factor.

n. Any statement by the complainant expressing satisfaction with restitution and requesting no discipline. This is not a factor.

"The Panel's recommendation for discipline was deferred until January 1, 1997, pending additional proceedings in the United States District Court to ameliorate earlier rulings against Respondent's client Morrison Enterprises. While limited relief was ultimately obtained, Respondent's client remains severely prejudiced in its court action.

"Following the January 1, 1997, deferral date, the Disciplinary Administrator recommended a two year suspension with probation conditioned upon continued treatment for depression, attorney supervision and no further violations of the Model Rules of Professional Conduct.

"The Respondent's response states that he has been released from treatment for depression, that his practice is now limited to one client in the narrow area of property tax law and that the Disciplinary Administrator's recommendations are thus inappropriate. Respondent suggests censure as the most appropriate discipline.

"After review of the testimony, matters in aggravation and mitigation and the suggestions for discipline, the Hearing Panel recommends as follows:

"1. That Respondent shall be suspended from the practice of law for one year.

"2. That imposition of said discipline be suspended on the following conditions:

a. Respondent's practice of law shall be monitored and supervised by an attorney acceptable to the Disciplinary Administrator, which attorney will report the Disciplinary Administrator on a quarterly basis regarding Respondent's management of cases and legal matters entrusted to him.

b. Certification by Rowan Settles and Larry M. Pankow, M.D., that Respondent requires no further treatment therapy for depression and that his is faithfully following any prescribed medication regime.

c. Respondent shall not violate any of the Model Rules of Professional Conduct during such term of probation.

"Violation of any of the above conditions should cause immediate indefinite supervision.

"In arriving at the above recommendations, the Panel determined that a one year suspension, rather than the suggested two year suspension, was appropriate in this case for the reason that the violations were considered a singular aberration in an otherwise exemplary practice history.

"Costs should be assessed against Respondent in an amount to be certified by the Disciplinary Administrator."

We find there is clear and convincing evidence establishing the violations found and enumerated by the panel.

We adopt the findings and recommendation of the panel as modified.

IT IS THEREFORE ORDERED that imposition of discipline against respondent Gerald M. Capps, Jr., be suspended, and he is placed on probation for a period of 1 year from the date of this order.

IT IS FURTHER ORDERED:

(1) During the probation period, respondent's practice of law shall be monitored and supervised by an attorney acceptable to the Disciplinary Administrator, which attorney shall report to the Disciplinary Administrator on a quarterly basis regarding respondent's management of cases and legal matters entrusted to him.

(2) During the probation period, respondent shall provide semi-annual certification by Rowan Settles, LSCWS, and Larry Pankow, M.D., that respondent requires no further treatment or therapy for depression and that he is faithfully following any prescribed medication regimen.

(3) Respondent shall not violate any of the Model Rules of Professional Conduct during such term of suspension of the imposition of discipline.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to respondent, and this court shall take whatever disciplinary actions it deems just and proper, including disbarment, without further formal proceedings.

It Is Further Ordered that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.

Abbott, J., not participating.